**Affirmed and Opinion filed August 11, 2016**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00589-CR
### NO. 14-15-00590-CR

### ROYCE GENE ADAMS III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 13-CR-1806 & 13-CR-1916**

## O P I N I O N

Appellant Royce Gene Adams III challenges his convictions for aggravated sexual assault of a child and indecency with a child. He asserts that the evidence is insufficient to support his conviction on one count of aggravated sexual assault of a child because the evidence of that offense came through the testimony of a nurse who examined the complainant shortly after the incident and the complainant did

not testify regarding that offense at trial. Appellant also asserts that the trial court erred in failing to charge the jury on the elements of an extraneous offense admitted during the punishment phase of trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

At the time of the offenses for which appellant was convicted, the child-complainant was eleven years old and appellant's step-daughter. Appellant had married the child's mother only three days before.

A medical problem had prompted the complainant's mother to make an emergency visit to the hospital. When the mother returned home, she heard music coming from the couple's bedroom and went upstairs. When she tried to open the bedroom door, she felt appellant pressing his body against the door to keep her out. The mother eventually pushed her way into the room and saw appellant attempting to put on his pants and noticed the complainant – her pre-teen daughter – sitting in their bed. After investigating further, the mother discovered the child was naked from the waist down. Nervous about how appellant might react to her calling the police, the mother took the child downstairs and called an ambulance for the ostensible purpose of having appellant's medications adjusted. When the ambulance arrived, the mother asked the paramedics to call the police.

At the hospital, the complainant underwent a sexual-assault examination. The child told the sexual assault nurse examiner ("SANE") that appellant gave her an alcoholic drink, marijuana, and a pill. She also told the nurse that appellant fondled her, performed oral sex on her, put his penis in her mouth, and rubbed his penis against her vagina. During the examination, the nurse swabbed the complainant's labia and anus. Both sets of swabs contained proteins consistent with semen. The labial swab contained a spermatozoon.

2

Appellant was arrested and indicted on three counts of aggravated sexual assault of a child and one count of indecency with a child. With respect to aggravated sexual assault of a child, appellant was charged by indictment in cause number 13-CR-1806 with the offenses of (1) intentionally or knowingly causing the penetration of the complainant's mouth with his sexual organ and (2) intentionally of knowingly causing the penetration of the complainant's sexual organ with his sexual organ. In cause number 13-CR-1916, appellant was charged by indictment with the offenses of (1) aggravated sexual assault of a child for causing the penetration of the complainant's sexual organ with his mouth and (2) indecency with a child for intentionally or knowingly causing the complainant to engage in sexual contact by causing the hands of the complainant to touch appellant's genitals with the intent to arouse or gratify the appellant's sexual desire. Appellant was indicted in two separate causes that were consolidated for the purposes of trial.

Appellant testified that the complainant initiated sexual contact. He stated he was asleep at the time and he believed the individual initiating contact was his wife. Appellant admitted touching the complainant's breast before realizing the complainant was not his wife. Detective Mark Bonner testified that appellant initially stated that if the complainant said the assault happened, then he guessed it had occurred. At one point while speaking to Detective Bonner, appellant gave a story consistent with his trial testimony. At another point, appellant stated that he did not realize the complainant was not his wife until he performed oral sex on her. Detective Bonner testified that appellant's explanations were inconsistent.

The jury found appellant guilty of all four counts. At the punishment phase of trial, the State introduced evidence that appellant possessed images of child pornography. Appellant requested an instruction on the elements of possession of

pornography, which the trial court denied. The jury assessed punishment at forty-five years' confinement and a $10,000 fine on count one in the first cause, confinement for life and a $10,000 fine on count two in the first cause, sixty years' confinement and a $10,000 fine on count one in the second cause, and twenty years' confinement and a $7,500 fine on count two in the second cause. The trial court ordered the sentences to run consecutively.

## ANALYSIS

### A. Sufficiency of the Evidence

In his first issue, appellant asserts the evidence is insufficient to support his conviction of aggravated sexual assault of a child for causing the penetration of the mouth of the complainant, a child who was younger than fourteen years, by appellant's sexual organ.[1] In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When

---

[1] Although appellant challenges the sufficiency of the evidence as to only one count, we conclude the evidence is sufficient to support appellant's conviction for the other three counts as well.

4

faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

As is relevant to the challenged conviction, a person commits aggravated sexual assault if the person intentionally or knowingly causes penetration of the mouth of a child younger than fourteen years of age by the sexual organ of the actor. *See* Tex. Penal Code Ann. §22.021(a)(1)(B)(ii) (West, Westlaw through 2015 R.S.). The record reveals the following testimony presented at trial:

- The SANE who examined the complainant testified that the complainant was eleven years old. According to the SANE, the complainant stated that the complainant's mother had a seizure and went to the emergency department. The complainant relayed that while her mother was gone, appellant offered her a drink, which she thought contained Dr. Pepper and vodka. Appellant also gave her a marijuana cigarette and a pill. The complainant stated that appellant began to fondle her breasts and he told her to give him a "hand job." Next, he told her to perform oral sex. The complainant stated that appellant got her drunk and high and so she complied. According to the SANE, the complainant explained that appellant performed oral sex on her and then "put in it," which the complainant clarified meant that he put his penis in her mouth. The complainant stated that he then rubbed his penis on her vagina, but as he was rubbing on her, her mother came into the room. The SANE took swabs from different areas of the complainant's body including the inner and outer parts of the labia majora. The SANE observed redness along the inside of the inner lips of the complainant's vagina and down into the region at the bottom called the fossa navicularis.

- The complainant's mother testified that she met appellant online and he moved into her home a few weeks later. The complainant's mother lived with appellant for a month or two before they were married. Three or four days later, the complainant's mother took an ambulance to the hospital because appellant was too drunk to drive her. She returned home later that evening, walked toward the master bedroom, and was

5

unable to open the door because appellant was blocking her by pressing his body against the lock and holding it closed. Eventually, when appellant let go, the complainant's mother pushed open the door and saw appellant was not wearing pants or underwear and the complainant was sitting in the bed naked from the waist down. The complainant's mother could see that the complainant did not seem lucid. Appellant seemed angry, so the complainant's mother told him she was calling an ambulance to get appellant's medications adjusted at the Veteran's Administration. When the ambulance arrived, the complainant's mother asked the paramedics to call the police.

- The complainant testified that appellant gave her marijuana and a pill. She testified several times that she could not remember everything that happened between her and appellant while her mother was at the hospital. She stated she could remember only half. The complainant testified that appellant told her to rub his penis and she did, that appellant rubbed his penis between her breasts while he took his hands and squeezed her breasts together, and that his penis touched her vagina and she felt it going inside. The complainant also testified that appellant kissed her vagina. The complainant denied that she kissed appellant anywhere other than his mouth. The complainant testified that she had no memory of law enforcement coming to her home and did not remember going to the hospital or telling anyone at the hospital about what happened, but she did remember waking up in a hospital bed. The complainant testified that appellant performed oral sex on her, but when asked if any other oral sex occurred, the complainant testified, "[n]ot that I can remember." When asked directly if she performed oral sex on appellant, the complainant testified, "I don't remember."

- Detective Mark Bonner testified that the complainant struggled to disclose the incident with appellant. According to Detective Bonner, the complainant felt ashamed and was having a difficult time. He said that "you could tell she had been through a lot," and explained that she put her head down and her distress in discussing the incident was apparent.

- Detective Bonner spoke with appellant, who stated that if the complainant said the incident occurred then he "guess[ed]" it had happened. Appellant initially stated that he was asleep when the complainant began touching him and he believed the complainant was his wife. At one point appellant stated that he realized the complainant was not his wife when he touched her breast. At another point in time,

6

appellant stated he did not realize the complainant was not his wife until he got ready to perform oral sex. Detective Bonner testified that appellant's story was inconsistent. At trial, appellant maintained that the complainant initiated physical contact while he was asleep and he did not realize that it was the complainant until he touched her breast. Appellant denied any other inappropriate contact occurred.

- A forensic scientist testified that swabs taken from the complainant's labia contained a spermatozoon.

- A forensic scientist in the toxicology section of the Texas Department of Public Safety crime laboratories testified that a clonazepam metabolite was detected in the complainant's blood. Clonazepam is generic for Klonopin, a drug the complainant's mother testified she took for seizures. According to the forensic scientist, Klonopin can lead to confusion and affect sensory input.

Appellant asserts this evidence is insufficient to support his conviction for aggravated sexual assault of a child by causing the penetration of the child's mouth by his sexual organ because at trial the complainant denied that she performed oral sex on appellant. The record reveals that the complainant told the SANE that she performed oral sex on appellant when the SANE interviewed the complainant shortly after the incident. The SANE's testimony about the complainant's statements provided some evidence from which the jury reasonably could have concluded that appellant penetrated the complainant's mouth with his sexual organ. At trial, the complainant stated that she could not remember everything that occurred that night and testified that she could not remember performing oral sex on appellant. Though the complainant's trial testimony did not establish that she performed oral sex on appellant, the jury was entitled to resolve the conflict between the complainant's trial testimony and the SANE's testimony about the complainant's statements following the incident. *See Turro*, 867 S.W.2d at 47. We presume that the jury credited the SANE's testimony about the complainant's statement during the examination and that the jury resolved any inconsistency between that statement and the complainant's trial statement by concluding that the

7

statement the complainant made to the SANE reflected the truth.  *See Bautista v. State*, 474 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (noting that jury could credit outcry statement and discredit recantation).

Appellant argues that we should use a standard of review for evaluating the sufficiency of the evidence established by the Fifth Court of Appeals in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 2010), to evaluate the factual sufficiency of the evidence, rather than using the standard for reviewing the sufficiency of the evidence applicable after the Texas Court of Criminal Appeals abolished factual-sufficiency review of criminal convictions.  *See Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015) (noting that the high court "abolished factual-sufficiency review as it applies to criminal convictions" in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).   Appellant acknowledges that the Court of Criminal Appeals overruled *Clewis* in *Brooks*, but nonetheless argues that the factual-sufficiency-of- the-evidence standard of review provides a better review of the sufficiency of the evidence in criminal cases because under a legal-sufficiency review, evidence that is unreliable is allowed to be used to sustain a conviction. We need not address appellant's arguments for overruling current Court of Criminal Appeals precedent and returning to prior precedent.  Under principles of stare decisis, this court is bound to follow the precedent established by the Court of Criminal Appeals.  *See Gardner v. State*, 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).  We must apply the current standard articulated by the Court of Criminal Appeals for reviewing the sufficiency of the evidence. *See id.*

Under the applicable standard of review, the SANE's testimony about the complainant's statements is sufficient evidence from which the jury reasonably could have concluded appellant intentionally or knowingly caused the penetration

of the complainant's mouth by appellant's sexual organ. *See Carr v. State*, 477 S.W.3d 335, 340–41 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Bautista*, 474 S.W.3d at 776. Accordingly, we overrule appellant's sufficiency challenge.

### B. Request to Charge Jury on Elements of Extraneous Offense Admitted During Punishment Phase

In his second issue, appellant asserts that the trial court erred in failing to charge the jury during the punishment phase as to the elements of possession of child pornography, an unadjudicated offense of which the State introduced evidence. In reviewing a complaint of jury-charge error, we first determine whether error occurred and, if we find error, then we evaluate whether the error caused sufficient harm to require reversal. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The State may offer evidence of extraneous offenses during the punishment phase of the trial. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (West, Westlaw through 2015 R.S.). The trial court must charge the jury that it can consider such evidence only if it finds beyond a reasonable doubt that the defendant committed the offenses. *See Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000). The trial court did so. The State need not prove all the elements in an extraneous offense for the offense to be admissible. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005); *Spence v. State*, 795 S.W.2d 743, 759 (Tex. Crim. App. 1990). The State has a lower burden of proof when it offers evidence about extraneous offenses during the punishment phase of trial because extraneous offenses are used to show a defendant is a future danger to society rather than that a defendant is guilty of the charged offense. *Powell v. State*, 898 S.W.2d 821, 830 (Tex. Crim. App. 1994). Because the State need not prove every element of the offense, there is no requirement that the jury can find the commission of an extraneous offense during the punishment phase only if the State proves each and

every element beyond a reasonable doubt. *See Gomez v. State*, 380 S.W.3d 830, 839 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Accordingly, the trial court need not charge the jury on each and every element of an extraneous offense offered during the punishment phase. *See id.* Because the trial court did not err in refusing appellant's request to charge the jury on the elements of the extraneous offense of possession of a child pornography, we overrule appellant's second issue.

## CONCLUSION

Appellant's convictions are supported by sufficient evidence. The trial court did not err in refusing to instruct the jury as to the elements of an extraneous offense of which there was evidence during the punishment phrase of trial. Having overruled appellant's issues, we affirm the trial court's judgments.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Publish — TEX. R. APP. P. 47.2(b).

10