

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-17-00375-CR

___

ADAM FELKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 73213-E, Honorable Douglas R. Woodburn, Presiding

___

February 12, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Following a jury trial, Adam Felker, appellant, was found guilty of the offense of assault family violence which was enhanced to a third-degree felony by a previous assault family violence conviction.[1]  At the punishment stage of trial, appellant pled true to an enhancement for a prior felony conviction for the offense of sexual assault of a child.[2]

___

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2018).

[2] As enhanced, the third-degree felony offense was punishable as a felony of the second degree. *Id.* § 12.42(a) (West Supp. 2018).

The jury assessed a fifteen-year prison sentence and a $2,000 fine. Appellant raises two issues in this appeal. In his first issue, appellant contends that the trial court erred in instructing the jury on parole law. In the second issue, appellant contends that the prosecutor made improper comments regarding the application of parole law during closing arguments of the punishment phase of trial. We affirm the judgment of the trial court.

## Background and Procedural History

Appellant does not challenge the sufficiency of the evidence to support his conviction. Accordingly, we relate only those facts necessary to our disposition of appellant's two issues.

The indictment charging appellant with assault family violence with a previous assault family violence conviction included an enhancement paragraph alleging a prior felony conviction for the offense of sexual assault of a child. After the jury returned a guilty verdict in the instant case, appellant pled true to the enhancement for a prior felony conviction, making the potential range of punishment two to twenty years. During punishment, the State introduced appellant's previous judgments of conviction to which he stipulated: a class A misdemeanor possession of marijuana, a class A misdemeanor failure to identify, a class B misdemeanor possession of marijuana, a class A misdemeanor unlawful carrying of a weapon, a third-degree felony possession of controlled substance, a class B possession of marijuana, and a second-degree felony sexual assault of a child. Appellant testified and requested the minimum sentence.

As required by statute, the jury charge on punishment provided, in relevant part:

2

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or any part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(c) (West Supp. 2018). Appellant did not raise any objection to the court's charge during the trial.

During closing arguments, the prosecutor argued the following on parole:

This jury charge lists different things about parole. Now, you can't really consider what parole will do with this particular [d]efendant, but the law does state that based on this offense, the time that you serve, plus good time, must equal a quarter of your sentence and then you're eligible.

Now, like I said, you can't apply that to this particular defendant, but if you've got 12, a quarter of that would be three, but that's including good time. Now, that's not very long though. You can't consider it for this

particular defendant, but you can consider that that parole law does exist. You have no control over that; I have no control over that.

What I'm asking you to do -- as far as the fine goes, I don't care. If you want to send a message to the citizens of Potter County that, you know what, domestic violence is something that we will no longer tolerate, you can give him a fine. If you choose not to, that's okay -- but we know at least six years did not work. What I'm asking you to do is to let him stay in long enough, number one, to learn his lesson; number two, protect the next woman that he comes in contact with . . . and, number three, make sure it's long enough that if he does screw up, he's going to be there a while.

I'm asking you to give him at least 12; if you want more than that, fine. . . . He keeps doing the same things over and over; he keeps trying to control the people around him; and his resume says I've earned it. So that's what I'm going to ask you to do; somewhere over 12. I'm going to ask you to go back there, talk it over, and if he does what he's supposed to, great. He's learned his lesson. But if he doesn't, we want to make sure that the next [victim] is protected and doesn't wind up like the girl in those pictures.

In response, the defense argued:

I'm requesting -- [appellant] and I are requesting that you give him a minimum sentence. And one of the things that the Jury Charge says is that you can't consider the application of parole on his sentence. You can't say, if we give him 12, he's only going to get three. We don't know. We don't know because—we do not know. So you can't divide your sentence like that and say, well, if we give him 12, he's only going to get three. That's not proper; don't do that.

We're asking that you give him the minimum time.

Appellant did not make any objection to the jury argument. Although appellant filed a motion for new trial, he did not mention any purported error in the charge or the State's argument.

## Issue 1:  The parole-law instruction

In his first issue, appellant claims that the inclusion of the standard parole-law instruction in his punishment charge violated his right to due process under the United

4

States Constitution and the Texas Constitution. Appellant contends that additional information concerning parole law found in section 508.149(b) of the Government Code[3] should be included in the standard punishment charge. According to appellant, the standard charge warns jurors that their determination of the appropriate period of punishment might be undermined by good conduct time and parole considerations and that the jury should also be provided with information that the sentence might be carried out in full due to restrictions on parole found in section 508.149(b).

Appellate review of purported error in a jury charge involves a two-step process. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, we determine whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Middleton,* 125 S.W.3d at 453. Second, if error is found, the appellate court should analyze that error for harm. *Kirsch*, 357 S.W.3d at 649; *Middleton*, 125 S.W.3d at 455. Error preservation does not become an issue until harm is assessed because the degree of harm necessary for reversal depends upon whether the error was preserved. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

Section 4 of article 37.07 of the Code of Criminal Procedure provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4. The jury charge in this case correctly set forth the parole instruction, including the instruction's references to good

---

[3] Section 508.149(b) states: "An inmate may not be released to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." TEX. GOV'T CODE ANN. § 508.149(b) (West Supp. 2018).

conduct time, as set forth in article 37.07, section 4(c).  Appellant acknowledges that he did not raise any objection to the court's parole-law instruction, and he points to no evidence that the jury was actually confused by the parole instruction.  *See Luquis v. State*, 72 S.W.3d 355, 366-67 (Tex. Crim. App. 2002) (assuming jury followed parole instruction as given and declining to find federal constitutional error absent conclusion reasonable jury actually confused by charge).

The Court of Criminal Appeals has previously decided that the parole-law instruction, reenacted after Texas voters approved a constitutional amendment authorizing the legislature to require courts to inform juries about the effect of eligibility for parole or good time credit on the defendant's period of incarceration, does not violate the federal constitution's due process clause or the Texas constitution's due course of law provisions.  *See Muhammad v. State*, 830 S.W.2d 953, 956 (Tex. Crim. App. 1992) (en banc); *Luquis,* 72 S.W.3d at 364-68.  In clarifying the legislature's intent regarding the provisions of article 37.07, the Court of Criminal Appeals explained in *Luquis:*

> The Texas Legislature enacted legislation that *requires* the trial judge to instruct the jury in the precise wording that the statute recites.  Article 37.07, section 4(a) sets out, verbatim, the words that the trial judge is to use.  There are even quotation marks around the wording of the instruction.  That is at least some indication that the Legislature did not want any creative deviations from its chosen language.  The Legislature prefaced its instruction language with directions that "the court *shall* charge the jury in writing as follows: . . . ."  The use of the word "shall" generally indicates a mandatory duty.  There is no reason to think that the Legislature enacted merely a suggested parole law jury instruction, one that trial judges should cut and paste as they see fit.

*Id.* at 363.

Although appellant urges us to revisit the constitutionality of the current standard parole charge, we decline to do so. Under principles of stare decisis, this Court is bound to follow the precedent established by the Court of Criminal Appeals. *Adams v. State,* 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Having determined that the trial court did not err by including the parole-law instruction mandated by Code of Criminal Procedure article 37.07, section 4(c), we overrule appellant's first issue.[4]

Issue 2:  Jury argument on parole law and good conduct time

In his second issue, appellant complains that the prosecutor made improper reference to the application of parole law in his closing arguments which invited the jury to consider specific calculations of parole and good conduct time in jury deliberations. Appellant acknowledges that he did not object to the jury argument.

The Texas Court of Criminal Appeals has made clear that a defendant's failure to object to a jury argument or to pursue his objection to an adverse ruling forfeits the right to complain about the argument on appeal. *See Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (en banc); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc); *see also* TEX. R. APP. P. 33.1. Accordingly, we conclude appellant has waived this complaint.

---

[4] Because we have determined that the trial court did not err by including the parole-law instruction in appellant's punishment charge, we need not address the second prong of a charge-error analysis— whether sufficient harm resulted from the error to require reversal. *See*, e.g., *Middleton,* 125 S.W.3d at 453 (setting forth two-pronged charge error analysis); *Jackson v. State*, No. 02-14-00346-CR, 2015 Tex. App. LEXIS 9071, at *5 (Tex. App.—Fort Worth Aug. 27, 2015, pet. ref'd) (mem. op., not designated for publication).

However, even if appellant had preserved this issue, his claim still fails. As discussed above with appellant's first issue, article 37.07, section 4, requires that the jury be given certain instructions in the charge that include information about parole eligibility. These instructions have been interpreted to allow the jury to consider the defendant's eligibility for parole but not whether or when the defendant will actually be released on parole. *Branch v. State*, 335 S.W.3d 893, 907 (Tex. App.—Austin 2011, pet. ref'd) (prosecutor's statements were improper: prosecutor did not state that defendant would be *eligible* for parole in a certain number of years, but rather stated that defendant would be *out of prison* in that amount of time).

Here, the prosecutor's argument focused on appellant's parole eligibility and was in accordance with the court's instructions. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004) (not improper for prosecutor to accurately restate law given in the jury charge or to ask jury to take that law into account when assessing punishment); *Taylor v. State*, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007) (not improper for prosecutor to discuss lengths of hypothetical sentences and to refer to defendant specifically rather than referring to a hypothetical defendant).

In the case before us, the prosecutor did not convey any information beyond what was properly contained in the charge when he explained how the parole eligibility rules set out in the charge worked with a twelve-year sentence. The explanation simply ensured that the jury understood the language set out in the instructions. Nothing in this case indicates that the prosecutor's explanations went beyond an attempt to clarify the meaning of the jury instructions. Both sides made reference to parole law in closing arguments and both emphasized that the jury was not to consider how parole law applied

8

to appellant in assessing punishment.  Consequently, even if appellant had preserved his complaint regarding the State's jury argument on punishment, the argument was not improper.

## Conclusion

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.