

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00075-CR

LUIS ALBERTO OLIVAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 70,087-A, Honorable Dan L. Schaap, Presiding

April 28, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

A Potter County jury found appellant, Luis Alberto Olivas, guilty of murder.[1]  It assessed a sentence of thirty-five years' confinement in the Texas Department of Criminal Justice and a fine of $10,000.  In this appeal, appellant raises two issues challenging an amendment to the indictment and two issues challenging the jury charge.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b), (c) (West 2019).

## Background

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we relate only those facts necessary to provide context for our resolution of his issues on appeal.

In 2015, appellant was charged with murder by an indictment that alleged he caused the death of Joanna Salinas-Cardona "by impeding her breathing or circulation by an unknown manner and means." On January 2, 2019, the State filed a motion to amend the indictment. The requested amendment was to change "by an unknown manner and means" to "by applying pressure to her throat or neck with a lanyard or [appellant's] hand or a combination thereof." The trial court signed an order granting the amendment. Appellant filed a motion to set the indictment aside, asserting that the amendment prejudiced his right to an indictment by a grand jury. The trial court denied appellant's motion.

The case proceeded to trial in February of 2019. At the conclusion of the four-day trial, the jury found appellant guilty.

## Discussion and Analysis

<u>Amendment of the Indictment</u>

In his first issue, appellant contends that the trial court erred by allowing the amendment to the indictment. Appellant asserts that, because he was tried and convicted under an indictment not voted on and returned by a properly empaneled grand jury, his constitutional right to a grand jury indictment was violated.

2

Article 28.10 of the Texas Code of Criminal Procedure allows the State to amend an indictment, specifically providing that, "[a]fter notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences." TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West 2006). But "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." *Id.* art. 28.10(c).

Appellant does not contend that he received insufficient notice of the amendment; the motion to amend the indictment was granted more than one month before trial began. Nor does he contend that the amended indictment charged him with an additional or different offense. Both indictments charged him with the offense of murder; the effect of the amendment was only to identify a more specific "manner and means" by which the State alleged appellant committed the murder. Appellant's contention is that his rights were violated because the grand jury did not pass on the amendment to the indictment.

In *Ex parte Patterson*, the Court of Criminal Appeals recognized that an indictment serves two functions: it is both (1) the written statement of a grand jury accusing a person of an offense and (2) the State's primary pleading. *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987), *modified, Ex parte Beck*, 769 S.W.2d 525 (Tex. Crim. App. 1989). In this case, appellant's complaint goes to the indictment's function as a grand jury statement. Appellant asserts that the State and the court usurped the grand jury's place by amending the indictment. Thus, the question we must address is whether

3

appellant's right to grand jury review was prejudiced by the State's amendment of the indictment.

The purpose of the grand jury is to protect citizens from arbitrary or unreasonable felony prosecution by the State. *Batiste v. State*, 785 S.W.2d 432, 436 (Tex. App.—Corpus Christi 1990, pet. ref'd). However, the grand jury does not necessarily need to pass on matters that are purely evidentiary. *Flowers v. State*, 815 S.W.2d 724, 729 (Tex. Crim. App. 1991). "An amendment that changes the evidence needed to prove the offense, so long as it is made on the basis of the same incident upon which the original indictment was based, does not affect a defendant's substantial rights or deny him grand jury review in most cases." *Uribe v. State*, No. 05-18-00001-CR, 2019 Tex. App. LEXIS 2175, at *4-5 (Tex. App.—Dallas Mar. 20, 2019, pet. ref'd) (mem. op., not designated for publication).

Here, the amendment changed the manner and means of committing the offense from "unknown" to the more specific "by applying pressure to her throat or neck with a lanyard or his hand or a combination thereof." The indictment remained predicated on the same incident upon which the original indictment was based. Therefore, the offense had been subjected to grand jury review. *See, e.g., Duran v. State*, No. 07-07-00110-CR, 2008 Tex. App. LEXIS 2160, at *7-8 (Tex. App.—Amarillo Mar. 26, 2008, pet. ref'd) (mem. op., not designated for publication) (holding that defendant was not denied grand jury review of the charges against him where the amended indictment merely separated the different means of committing the same offense into two different counts). We conclude that the amendment did not deny appellant grand jury review of the charge against him. Appellant's first issue is overruled.

4

<u>Constitutionality of Article 28.10</u>

Appellant's second issue presents a constitutional challenge to article 28.10 of the Texas Code of Criminal Procedure. He argues that, even if the amendment to the indictment was allowed pursuant to article 28.10, the statute is unconstitutional as applied to him because "it effectively eliminated [his] right to an indictment returned by a properly empaneled grand jury, in favor of a collaboration between the government's lawyer and the presiding officer of the court." Appellant broadly asserts that the amendment deprived him of his rights to due process and due course of law under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, [2] and Article 1, Section 10 of the Texas Constitution. *See* U.S. CONST. amend. IV, V, VI, XIV; TEX. CONST. art. I, § 10.

As we explained in *Bibbs v. State*, the United States Supreme Court has consistently held that a defendant in state court has no Fifth Amendment right to a grand jury indictment. *Bibbs v. State*, 371 S.W.3d 564, 568-69 (Tex. App.—Amarillo 2012, pet. ref'd) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 476 n.3, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972); *Hurtado v. California*, 110 U.S. 516, 538, 4 S. Ct. 111, 28 L. Ed. 232 (1884)). Because the grand jury provision of the Fifth Amendment does not extend to the states through the Fourteenth Amendment, the proper complaint for our review is whether the Texas Constitution prohibits the State's amendment of the indictment in this particular case.

---

[2] Although this reference to multiple constitutional amendments suggests multiple claims, appellant has not offered any legal authority, references to the record, or substantive analysis in support of any claim other than the one related to his right to a grand jury indictment. Therefore, we consider any other complaints to be waived as inadequately briefed. *See* TEX. R. APP. P. 38.1.

"A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). In making such a challenge, a litigant must show that, in its operation, the challenged statute was unconstitutionally applied to him; it matters not whether the statute may be unconstitutional as to others. *Id.*

The portion of the Texas Constitution at issue states: "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury . . . ." TEX. CONST. art. I, § 10. The Texas Constitution further provides that "[t]he practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law." TEX. CONST. art. V, § 12(b).

Our Legislature enacted article 28.10 of the Texas Code of Criminal Procedure pursuant to its authority under this constitutional provision. *See Batiste*, 785 S.W.2d at 434. Where a defendant has been originally indicted by a grand jury as required by Article I, section 10 of the Texas Constitution, an amendment to that indictment made as contemplated by Article V, section 12(b) of the Texas Constitution and article 28.10 of the Code of Criminal Procedure is constitutionally permissible. *See Cuesta v. State*, 763 S.W.2d 547, 550 (Tex. App.—Amarillo 1988, no pet.).

Appellant has not explained or produced evidence specifically demonstrating how article 28.10, while facially valid, is nevertheless unconstitutional as applied to him. He has not shown that operation of the statute affects him differently than it affects other criminal defendants, resulting in a deprivation of his rights. Therefore, appellant did not

6

meet his burden to demonstrate that the law in question, article 28.10 of the Code of Criminal Procedure, is unconstitutional as applied to him. We overrule his second issue.

Jury Charge Error

In his third issue, appellant asserts that the trial court erred by failing to explain in the jury charge that good conduct time was inapplicable to him. When reviewing an alleged jury charge error, we first determine whether there was error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If we find error, we then determine whether "sufficient harm resulted from the error to compel reversal." *Id.*

Trial judges are required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Here, the trial court included in the punishment charge the legislatively-mandated language contained in the version of article 37.07 of the Texas Code of Criminal Procedure in effect at the time. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West 2019).[3]

Appellant objected that the court's jury charge on punishment included this language regarding parole law and good conduct time. His objection was overruled.

Section 4 of article 37.07 provides the instructions that trial courts are required to give juries to inform them about parole law. *See id.* As the Court of Criminal Appeals explained in *Luquis v. State*, the Texas Legislature enacted legislation that requires the

---

[3] This provision was amended by Act of May 28, 2019, 86th Leg., R.S., ch. 260, § 1, 2019 Tex. Gen. Laws 260, 260. However, this amendment did not become effective until September 1, 2019. The trial court's punishment charge in the present case tracked the applicable statute effective at the time of appellant's trial.

trial judge to instruct the jury using the precise wording that article 37.07, section 4 recites. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). Further, "[t]he Legislature prefaced its instruction language with directions that 'the court *shall* charge the jury in writing as follows: . . .,'" indicating that trial courts have a mandatory duty to issue the instruction as written. *Id.*

The jury charge in this case correctly set forth the instructions mandated by article 37.07, including the references to good conduct time. Because the trial court instructed the jury according to the dictate expressed in the statute, the trial court did not err. *See id.* We overrule appellant's third issue.

Constitutionality of Article 37.07

By his final issue, appellant claims that article 37.07 of the Texas Code of Criminal Procedure is unconstitutional. He alleges that, by instructing the jury in accordance with the statutory language, the trial court violated his constitutional rights.

The Court of Criminal Appeals has previously determined that the instruction on parole law and good conduct time does not violate the federal constitution's due process clause or the Texas constitution's due course of law provisions. *See Luquis,* 72 S.W.3d at 365; *Muhammad v. State*, 830 S.W.2d 953, 956 (Tex. Crim. App. 1992) (en banc). In *Luquis*, the high court described article 37.07 as a statute that "informs the jury of the existence of good conduct time, briefly describes that concept, and explicitly tells the jury

not to apply that concept to the particular defendant . . . ." *Luquis*, 72 S.W.3d at 365. The court then concluded that the statute was constitutionally sound.[4]

Under principles of stare decisis, this Court is bound to follow the precedent established by the Court of Criminal Appeals. *Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Therefore, we overrule appellant's final issue.

## Conclusion

We have overruled each of appellant's issues on appeal. Accordingly, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[4] Like the defendant in *Luquis*, appellant makes no distinction between his rights under the Texas and federal constitutions. We therefore follow the Court of Criminal Appeals and treat them as being the same in this context. *See Luquis*, 72 S.W.3d at 364.