

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00032-CR

_____

DANNY WAYNE ALCOSER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1261-C1 (Counts I, II & III); Honorable Ralph T. Strother, Presiding

August 9, 2022

## MEMORANDUM OPINION ON REMAND

Before QUINN, C.J., and PARKER, J., and PIRTLE, S.J.[1]

By opinion and judgment dated December 20, 2019, this court reversed three convictions of Appellant, Danny Wayne Alcoser, related to a domestic violence incident based on improper jury instructions which this court found had caused him egregious

_____

[1] Senior Justice Patrick A. Pirtle, retired, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1).

harm (Issues Two and Three).  *See Alcoser v. State*, 596 S.W.3d 320, 338 (Tex. App.—Amarillo 2019).  On the State's petition for discretionary review, the Court of Criminal Appeals reversed this court's decision and remanded the case for further consideration of Appellant's remaining issues on whether the trial court abused its discretion in denying a mistrial (Issue One) and whether the evidence is factually insufficient to support his conviction in Count I for assault family violence (Issue Four).[2]  *See Alcoser v. State*, __ S.W.3d __, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186 (Tex. Crim. App. March 30, 2022).  In its opinion, the Court of Criminal Appeals noted that the State did not dispute that this court "correctly reversed Appellant's convictions in Count II for endangering a child and in Count III for interference with an emergency request for assistance" and thus, did not address them.  *Id.* at *11.  In our review on remand, we now affirm the assault family violence conviction.

Prior to the release of the Court of Criminal Appeals opinion, but subsequent to the release of our opinion, Appellant filed an *Amended Motion for New Trial* raising issues of ineffective assistance of counsel.  Following remand to this court from the Court of Criminal Appeals, Appellant filed a pro se *Motion to Withdraw Appellate Counsel and to Self-Represent*.  By order dated May 19, 2022, this court denied that motion and explained that withdrawal of appointed counsel was a matter within the purview of the trial court's authority.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j).  By our order, Appellant was advised that self-representation on direct appeal was reviewed on a case-by-case

---

[2] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

basis, keeping in mind the best interests of the appellant, the State, and the administration of justice. The matter was then remanded to the trial court in order that it might admonish Appellant as to the dangers of self-representation and at the same time, consider Appellant's motion to self-represent.

Subsequent to our order of May 19, 2022, Appellant filed an *Original Petition for Writ of Prohibition* with the Texas Court of Criminal Appeals. On July 20, the Court denied Appellant's motion for leave to file, without written order.

A hearing was held before the trial court on this court's order of May 19 on June 23, 2022. Alan Bennett appeared as Appellant's counsel. The court determined that Appellant did desire to be represented by counsel but he further desired that Mr. Bennett be removed as his counsel. The court, therefore, appointed Robert Callahan to replace Mr. Bennett and rescheduled the hearing for July 13, 2022. On July 12, 2022, Appellant requested that he be allowed to substitute retained counsel for his appointed counsel. Appellant's request was granted, and Tate Saunders was allowed to substitute for Mr. Callahan as Appellant's attorney of record. A hearing was held on July 13, 2022, with Mr. Saunders appearing as Appellant's counsel. At the conclusion of that hearing, the trial court ordered that Appellant's *Second Motion for New Trial* be denied. The trial court subsequently entered findings of fact and conclusions of law as requested by this court.

Now pending before this court are the remaining issues from Appellant's original appeal (whether the trial court abused its discretion in denying a mistrial (Issue One) and whether the evidence is factually insufficient to support his assault conviction (Issue

Four)), as well as issues raised by the filing of Appellant's *Second Motion for New Trial.* We will address each issue individually.[3]

### ISSUE ONE—MISTRIAL

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citing *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). A mistrial is used to halt proceedings when the error is so prejudicial that it makes the expenditure of further time and expense wasteful and futile. *Ocon*, 284 S.W.3d at 884 (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). The decision to grant a mistrial is governed by the particular facts of the case. *Ladd*, 3 S.W.3d at 567. We review a trial court's decision to deny a motion for mistrial for abuse of discretion. *See Ocon*, 284 S.W.3d at 884. The denial of the motion for mistrial must be upheld if, when viewing the evidence in the light most favorable to the denial, it was within the zone of reasonable disagreement. *Id.*

Ordinarily, a prompt instruction to disregard will cure any prejudice arising from an inadvertent statement. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). On appeal, there is a presumption that the jury followed the trial court's instructions. *McConnell v. State*, No. 10-17-00254-CR, 2019 Tex. App. LEXIS 2663, at *4 (Tex. App.—Waco April 3, 2019, no pet.) (mem. op., not designated for publication) (citing *Thrift v. State*, 176 S.W.3d 221,

---

[3] "When jurisdiction over the cause is restored by remand, neither statutes nor scanty prior decisions dictate that the court of appeals is limited in its renewed appellate consideration of the cause to the terms of [the Court of Criminal Appeals] order of remand." *Garrett v. State,* 749 S.W.2d 784, 787 (Tex. Crim. App. 1986).

224 (Tex. Crim. App. 2005)). The presumption must be rebutted by evidence indicating the jury failed to follow the trial court's instructions. *Thrift*, 176 S.W.3d at 224.

In determining whether an offending statement is "highly prejudicial and incurable," reviewing courts have applied the three-factor balancing test articulated in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. 1998). *See Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007). Reviewing courts look at the following: (1) the severity of the misconduct (i.e., the magnitude of the prejudicial effect of the prosecutor's remark); (2) the curative measures taken (the efficacy of any cautionary instruction by the trial judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Mosley*, 983 S.W.2d at 259.

Just prior to trial, both parties presented motions *in limine* which the trial court granted. The State agreed not to question witnesses regarding Appellant's alleged extraneous conduct other than on the date of the offense and not to delve into any acts regarding the minor children including matters related to CPS proceedings without first approaching the bench.

During Sergeant Tucker's testimony, Appellant insinuated that lazy police work was behind the decision to not interview the child, T.W. Sergeant Tucker explained he did not interview T.W. to avoid further trauma to the child. Defense counsel's objection based on the motion *in limine* was sustained and the trial court instructed the jury to disregard the witness's comment. A motion for mistrial was denied.

Additionally, while the complainant was testifying, she was asked if being choked by Appellant was an accident to which she replied, "[i]t wasn't the first time." Defense

5

counsel's objection that the question elicited an extraneous offense answer was sustained and the jury was again instructed to disregard the answer. A second motion for mistrial was denied.

Again, during the complainant's testimony, when asked whether Appellant had "disappeared" after her grandmother died, she responded, "[w]e had been ordered to participate in . . . counseling."[4] Before she could finish her response, defense counsel objected and obtained a favorable ruling, and the jury was instructed for a third time to disregard complainant's comments. Another motion for mistrial was denied. Appellant contends that the "collective weight" of the State's violations of his motion *in limine* were incurable. We disagree.

With each violation of Appellant's motion *in limine*, defense counsel's objections were immediately sustained and the jury was promptly instructed to disregard any offending answers or comments. The motion *in limine* violation occurring during Sergeant Tucker's testimony was in response to Appellant's suggestion of lazy police work and elicited nothing more than a statement regarding the circumstantial *res gestae* facts surrounding the offense. The two violations that occurred during the complainant's testimony were not solicited by the prosecutor; rather, the complainant voluntarily offered information that went beyond the scope of the questions and was not overtly prejudicial. *See Brown v. State*, Nos. 14-13-00057-CR through 14-13-00060-CR, 2014 Tex. App. LEXIS 8972, at *11 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, pet. ref'd) (mem. op., not designated for publication) (finding no abuse of discretion where the witness gave an

---

[4] The complainant was referring to court-ordered counseling involving CPS matters.

6

unresponsive answer in violation of a motion *in limine* that was not solicited by the prosecutor).

Applying the *Mosely* factors, we do not find that the complained-of violations fall within the "narrow class of highly prejudicial and incurable errors." They were not calculated to inflame the minds of the jury. *See England v. State*, No. 10-05-00021-CR, 2006 Tex. App. LEXIS 2524, at *5 (Tex. App.—Waco March 29, 2006, pet. ref'd) (mem. op., not designated for publication). We find the trial court did not abuse its discretion in denying Appellant's multiple requests for a mistrial. Issue one is overruled.

### ISSUE FOUR—FACTUALLY INSUFFICIENT EVIDENCE

By his fourth issue, Appellant contends that, consistent with the Texas Constitution and the Code of Criminal Procedure, factual insufficiency should be reinstated. Based on that premise, he further contends that the evidence is factually insufficient to support the jury's rejection of his claim of self-defense as to the assault conviction.

Acknowledging that factual sufficiency review in a criminal case was abrogated by the Texas Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), Appellant nevertheless urges this court to conduct such a review of his convictions based on Article V, Section 6 of the Texas Constitution and article 44.25 of the Texas Code of Criminal Procedure.[5] Having considered Appellant's arguments, we decline his invitation to conduct a factual sufficiency review of either his claim of self-defense or his other convictions. Under the time-honored principle of *stare decisis*, this court is bound

---

[5] Article V, section 6 provides that appellate court decisions "shall be conclusive on all questions of fact brought before them on appeal." Article 44.25 provides that appellate courts are authorized to reverse a judgment "upon the facts." TEX. CODE CRIM. PROC. ANN. art. 44.25.

7

to follow clear precedent established by a higher court. *See Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). *See generally Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015) (observing that *Brooks* abolished factual sufficiency review in criminal convictions (but noting that affirmative defenses continue to be evaluated for factual sufficiency)).

Just to be clear, however, self-defense is classified as a defense, with burdens at trial that alternate between the defense and the State, not an affirmative defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (explaining that self-defense is "classified as a defense, as opposed to an affirmative defense"). *Saxton v. State*, 804 S.W.2d 910, 912 n.5 (Tex. Crim. App. 1991) (noting that self-defense is a defense to prosecution under section 2.03 of the penal code). Therefore, the *Clewis* factual-sufficiency standard does not apply when we conduct a review of the sufficiency of the evidence to support the jury's implied rejection of a defendant's claim of self-defense. *Smith v. State*, 355 S.W.3d 138, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("Because the State bears the burden of persuasion to disprove a section 2.03 defense by establishing its case beyond a reasonable doubt, we review both legal and factual sufficiency challenges to the jury's rejection of such a defense under the *Jackson v. Virginia* standard."). *See Brooks*, 323 S.W.3d at 912. Accordingly, we resolve Appellant's fourth issue against him.

### AMENDED MOTION FOR NEW TRIAL

Subsequent to the issuance of our prior opinion, but prior to the issuance of the Court of Criminal Appeals opinion, Appellant filed his *pro se Amended Motion for New Trial* wherein he originally outlined twenty instances of alleged ineffective assistance of

counsel by his trial defense attorney.[6]  At the hearing held on July 13, 2022, for the purpose of ruling on this court's order of May 19, 2022, it was called to the attention of the court that Appellant had filed a motion for new trial.  Although it exceeded the scope of our order of abatement, the trial court denied the motion for new trial.

We decline to find Appellant's trial counsel ineffective on the basis of the record before us.  Generally, the record on direct appeal is rarely adequate to address complex claims of ineffective assistance of counsel.  *Milburn v. State*, No. 10-20-00072-CR, 2022 Tex. App. LEXIS 2269, at *18 (Tex.  App.—Waco April 6, 2022, no pet.) (mem. op., not designated for publication); *Clayton v. State*, No. 07-15-00312-CR, 2016 Tex. App. LEXIS 11988, *8-9 (Tex. App.—Amarillo Nov. 4, 2016, no pet.) (mem. op., not designated for publication).  Claims of ineffective assistance of counsel must be firmly rooted in the record and the record must affirmatively demonstrate the meritorious nature of the claim.  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)*.*  Before granting relief on a claim that defense counsel failed to do something, we ordinarily require that counsel be afforded the opportunity to explain the reasons for his trial court decisions.  *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  To warrant reversal without affording counsel such an opportunity, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it."  *Goodspeed*, 187 S.W.3d at 392.

Appellant's twenty complaints of ineffective assistance of counsel consisted of twelve complaints that trial counsel failed to subpoena, obtain, or offer certain evidence.  In each instance, Appellant failed to offer any explanation as to how counsel's failure was

---

[6] A subsequently filed document, also entitled *Amended Motion for New Trial,* alleged nineteen instances of alleged ineffective assistance of counsel.

"so outrageous" that no competent attorney would have engaged in such conduct, or how Appellant was prejudiced thereby. Appellant's remaining eight complaints consisted of five failures to object to certain testimony, his failure to advise Appellant of his sentencing options, his failure to request a suppression hearing, and his failure to adequately investigate the case. Again, Appellant's broad allegations are unsupported by any specific instances of alleged ineffective assistance.[7]

Appellant's ineffective assistance of counsel claims are best left to a writ of habeas corpus where an evidentiary record can be developed. Because the present record does not support a finding of ineffective assistance of counsel, Appellant's late-filed *Amended Motion for New Trial* does not raise any grounds on which relief could be granted.

### CONCLUSION

That portion of the judgment convicting Appellant in Count I of assault family violence is affirmed. The portions of the judgment convicting Appellant in Count II of endangering a child and in Count III of interference with an emergency request for assistance are reversed and Count II and Count III are remanded to the trial court for further proceedings.

Patrick A. Pirtle
Senior Justice

Quinn, C.J., concurring in the result.

Do not publish.

---

[7] Regardless of whether we were to review Appellant's "twenty" instances of ineffective assistance of counsel or his "nineteen" instances, our conclusion remains the same.