Jaime Ruben MARTINEZ, Appellant

v.

The STATE of Texas, Appellee

No. 04-16-00468-CR

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: April 12, 2017

Discretionary Review Refused
September 13, 2017

345

APPELLANT ATTORNEY: Richard E. Langlois, 217 Arden Grove St., San Antonio, TX 78215-1704.

APPELLEE ATTORNEY: Andrew Warthen, Paul Elizondo Tower, 101 W. Nueva St., San Antonio, TX 78205.

Sitting: Sandee Bryan Marion, Chief Justice, Marialyn Barnard, Justice, Patricia O. Alvarez, Justice.

## OPINION

Opinion by: Sandee Bryan Marion, Chief Justice

This is an appeal by Jaime Ruben Martinez, appellant, from his conviction for aggravated sexual assault of a child, habitual. We conclude the evidence is sufficient to support appellant's conviction under count two of the indictment. Therefore, we affirm the trial court's judgment on count two. Although we conclude the evidence is legally insufficient to support the trial court's verdict on count one of the indictment, we hold the test set forth in *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim.

App. 2014), is satisfied as to count three of the indictment. Therefore, we reverse the trial court's judgment on count one, modify the judgment to reflect a conviction for indecency with a child by sexual contact under count three, affirm the conviction under count three as modified, reverse the punishment under count one, and remand this case to the trial court to conduct a new punishment hearing on count three. We affirm the trial court's judgments in all other respects.

## BACKGROUND

A grand jury indicted appellant on four counts: (1) aggravated sexual assault by penetration of the child's sexual organ; (2) aggravated sexual assault by penetration of the child's anus; (3) sexual contact by touching part of the child's genitals; and (4) sexual contact by touching the child's anus.

Appellant waived his right to a jury, and trial before the bench commenced. Before hearing substantive testimony, the trial court conducted an outcry hearing to determine whether the child-complainant's mother was the first person the child told about what happened. The child, K.A.,[1] testified her mother, Stephanie, was the first person she told. Stephanie then testified that, during dinner one evening, K.A. told her appellant "touched [K.A.] in her private area." When asked what she understood "private area" to mean, Stephanie said vagina. Stephanie stated K.A. told her appellant put his finger in K.A.'s vagina. The trial court qualified Stephanie as the outcry witness.

During substantive testimony, Stephanie testified K.A. would often stay at her parents' home while Stephanie worked. Stephanie's niece and K.A.'s cousin, T.M., also stayed at their grandparents' house. In addition to the two girls, one of Stephanie's sisters, Stephanie's father, and appellant also were in the house when the girls were present. At the time, appellant was dating another of Stephanie's sisters.

Stephanie testified that K.A.'s outcry occurred during a July 25, 2013, family dinner when K.A. became upset over the use of the word "abuse" during a discussion about a child-safety video K.A.'s brother had watched at school. Stephanie told the other children to leave the table, at which point K.A. told her mother that appellant had "touched" her "butterfly" with his finger. Stephanie said, in the family, "butterfly" meant vagina. When asked for further details about how appellant touched K.A., Stephanie replied

A. Just, he was using his finger touching her butterfly or—

Q. Okay. Was it on the outside of her vagina or did he actually penetrate her vagina?

A. I know it was on the outside. I—I don't—I—the penetration part.

Q. Okay. When [K.A.] was talking about the time that [appellant] touched her, did she indicate how many times that he did this?

A. Just that one incident is that [sic] I know or that we discussed.

Stephanie believed the touching occurred in 2011.

Annette Santos, the sexual assault nurse examiner, testified she examined K.A. on October 25, 2013. Santos said K.A. told her that appellant touched her two times: once appellant touched her on her "butt" on top of her clothes and the second time appellant "put his hands in [K.A.'s] pants, my

---

1. K.A. was born in 2003, the assault occurred in 2011, and she was thirteen years old at the time of trial.

bottom like before, and then he touched my private—front private." K.A. told Santos "[appellant] touched inside my butt … where the poop came out. [K.A. said] I don't know if he touched inside my front private. …." Santos clarified that K.A. said appellant touched the outside of her vagina, K.A. could not say whether appellant penetrated her vagina, and appellant touched K.A. inside her anus.

K.A. testified appellant touched her "butterfly" and her "butt" with his fingers. When asked whether appellant touched her inside either her "butterfly" or her "butt," K.A. responded, "I think it was the outside." When again asked if she knew whether appellant touched her inside her vagina, K.A. said, "it wasn't" inside. K.A. also stated appellant did not touch her inside her "butt."

Following trial, the trial court found, on the record, that counts three and four were "the lesser included offences and they're going to be subsumed into the greater offense of penetration, which is count one and two. And that's what I'm going to find you guilty of, count one and two." At the sentencing hearing, appellant entered pleas of true to two enhancement counts, and the trial court sentenced appellant to thirty-five years' confinement on counts one and two of the indictment.

## COUNTS ONE AND THREE

 The trial court found appellant guilty on count one of the indictment, which alleged appellant committed aggravated sexual assault by penetration of K.A.'s sexual organ. Appellant asserts, and the State agrees, the evidence is legally insufficient to support the penetration element of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2016). The parties, however, differ as to the result. Appellant argues this court must render a judgment

barring further prosecution for the lesser-included offense of indecency by contact under count three based on double jeopardy. The State asserts we must reform the judgment to convict on the lesser-included offense under count three and reverse for a new sentencing hearing.

 Where the evidence shows the defendant committed only one act that could be used to prove both a greater inclusive and a lesser included offense, the defendant cannot be convicted of both offenses. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Indecency with a child by touching the child's genitals can be a lesser-included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the same act is used to prove both the touching and the penetration. *Id.*; *DeMoss v. State*, 12 S.W.3d 553, 561 (Tex. App.—San Antonio 1999, pet. ref'd). A multiple-punishments double-jeopardy violation may arise in the context of lesser-included offenses when the same conduct is punished under both a greater and a lesser-included statutory offense. *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014). "[I]n Texas, as in many other jurisdictions, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct (such as exposure or contact) that is demonstrably and inextricably part of that single sexual assault." *Id.* at 281. In this case, appellant asserts a double jeopardy violation arises because he is being punished for both the greater and the lesser-included offense. The State counters that reformation of the judgment and remand for a new sentencing hearing on count three is proper.

 Having determined the evidence was legally insufficient to support appellant's conviction on count one (causing penetration of K.A.'s sexual organ), we must now consider whether that conviction should be reformed to convict appellant on

count three of the lesser-included offense of touching part of K.A.'s genitals or whether acquittal is warranted. *See Rabb v. State*, 483 S.W.3d 16, 21 (Tex. Crim. App. 2016). If an appellate court finds "the evidence insufficient to support an appellant's conviction for a greater-inclusive offense," the court must consider the following two questions when "deciding whether to reform the judgment to reflect a conviction for a lesser-included offense": "1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense?" *Thornton*, 425 S.W.3d at 299-300; *see also Rabb*, 483 S.W.3d at 21 (applying *Thornton* to bench trial). "If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment." *Thornton*, 425 S.W.3d at 300. "But if the answers to both are yes, the court is authorized—indeed required—to avoid the 'unjust' result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense." *Id.*

A person commits aggravated sexual assault of a child when that person causes the penetration of the sexual organ of a child by any means. TEX. PENAL CODE § 22.021(a)(1)(B)(i). An actor is guilty of indecency with a child by contact when that person engages in sexual contact with a child who is younger than 17 years of age. *Id.* § 21.11(a)(1) (West 2011). Sexual contact is defined as the touching by a person, including through the clothing, of the breast, anus, or genitals of a child, with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). In this case, the trial court stated its "verdict is going to be that counts 3 and 4 are the lesser included offenses and they're going to be subsumed into the greater offense of penetration, which is count one and two. And that's what I'm going to find you guilty of, count one and two." By its finding, the trial court necessarily found all of the elements of the lesser-included offense of indecency with a child by contact with K.A.'s genitals under count three. Thus, the first prong of the *Thornton* analysis is satisfied.

Next, we conduct an evidentiary sufficiency analysis as though appellant had been convicted of the lesser-included offense to determine if there is legally sufficient evidence to support a conviction for that offense. *Thornton*, 425 S.W.3d at 300. The relevant question "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 303. "Viewing the evidence 'in the light most favorable to the verdict' ... means that the reviewing court is required to defer to the [fact finder's] credibility and weight determinations[.]" *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

On appeal, appellant does not challenge the sufficiency of the evidence in support of a finding that he engaged in sexual contact with K.A. by touching part of her genitals with the intent to arouse or gratify the sexual desire of any person. Our own review of the record reveals the evidence is sufficient to support such a finding: K.A. herself testified appellant touched her "butterfly," Stephanie testified "butterfly" meant vagina, and Santos testified K.A. told her appellant touched the outside of K.A.'s vagina. Therefore, we conclude the second prong of *Thornton* is satisfied.

In accordance with *Thornton*, we reverse the judgment on count one, reform the judgment to reflect a conviction for indecency with a child by sexual contact under count three, and remand this case to the trial court to conduct a new punishment hearing on count three.

### COUNT TWO

■ The trial court found appellant guilty on count two of the indictment, which alleged appellant committed aggravated sexual assault by penetration of K.A.'s anus. Appellant asserts the evidence is legally insufficient to support the penetration element of aggravated sexual assault because K.A. did not testify appellant's finger penetrated her anus.

The only evidence of penetration came from Santos who testified as follows:

When asked where she [K.A.] was the first time it happened, she states that my mom's house in the living room with my sisters. Me and my sisters were playing with him—[appellant]. He's my aunt, Tina's boyfriend. He was picking us up and tickling us. That's when he touched me on my bottom, my butt. He touched on top of my clothes.

When asked about the second time, [K.A.] states, I was at my grandma's house in the living room. Me and my cousin were taking a nap. He asked if we wanted to lay with him. We were, like, okay. Then he put his hand in my pants, my bottom like before, and then he touched my private—front private.

He touched inside my butt, and she [K.A.] clarified to me [Santos] that that was where the poop came out. [K.A. said] I don't know if he touched inside my front private.

Santos testified Stephanie was not present when Santos spoke with K.A. about what happened.

On appeal, appellant challenges the credibility of Santos's testimony; however, viewing the evidence in the light most favorable to the verdict means we must defer to the fact finder's credibility and weight determinations. *Brooks*, 323 S.W.3d at 899. As the sole judge of the credibility of the witnesses and of the weight given their testimony, the trial court was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Thus, it was within the trial court's province to determine the credibility of K.A., her mother, and the SANE nurse; and to resolve inconsistencies between the witnesses' testimony. We conclude a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, we affirm the judgment on count two.

### CONCLUSION

We agree the evidence is legally insufficient to support the trial court's verdict on count one of the indictment, which alleged appellant committed aggravated sexual assault by penetration of K.A.'s sexual organ. However, we conclude the *Thornton* test is satisfied as to count three of the indictment, which alleged indecency with a child by sexual contact with K.A.'s genitals. We conclude the evidence is sufficient to support appellant's conviction under count two of the indictment, which alleged appellant committed aggravated sexual assault by penetration of K.A.'s anus. Therefore, we reverse the trial court's judgment on count one, reform the judgment to reflect a conviction for indecency with a child by sexual contact under count three, affirm the conviction under count three as modified, reverse the punishment under count one, and remand this case to the trial court to conduct a new punishment hearing on count

three. We affirm the trial court's judgments in all other respects.