

# NUMBER 13-17-00502-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **RUBEN GONZALES,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 117th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant, Ruben Gonzales, was convicted of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2017 1st C.S.). The trial court sentenced appellant to fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By one issue,

appellant challenges the legal sufficiency of the evidence on the element of penetration. We affirm.

## I. BACKGROUND

Appellant was indicted for aggravated sexual assault of a child by "intentionally and knowingly caus[ing] the penetration of the sexual organ of [D.D.[1]], a child who was then and there younger than 14 years of age, by the defendant's finger."

A jury trial began on August 22, 2017, and the following evidence was submitted for the jury's consideration. D.D., ten years old at the time of trial, testified that she was visiting her mother in January 2016 when appellant, her mother's boyfriend, placed his hand underneath her underwear while her mother was in the shower. The State asked D.D. to describe the incident in detail.

> Q. So the day that this happened, can you describe to the jury what happened?
>
> A. He got his finger and he started going like that (indicating) to my girl part.
>
> . . .
>
> Q. Okay. And did his finger—what happened to his finger?
>
> A. He started going like that (indicating).
>
> Q. And was it on the outside of your body or the inside of your body, or something else?
>
> A. Like what do you mean by that?
>
> Q. Okay. So if—this is my mouth and so we have inside my mouth and outside my mouth?

---

[1] We use initials to refer to minor victims to protect their privacy. *See* TEX. R. APP. P. 9.8 cmt. ("The rule [protecting the privacy for filed documents in civil cases] does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases."); *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi 2018, no pet.).

A.    Outside.

Q.    On the outside of your body?

A.    Uh-huh.

Q.    And could you feel it?

A.    Yes.

A few months after the incident, appellant showed D.D. a picture of his penis on his phone, which prompted D.D. to make an outcry to her uncle in the form of a hand-written letter.   The letter states, in relevant part: "a few monts [sic] ago he tutch [sic] my middle part and asked me if i [sic] liked it . . . ."   When asked to recall the contents of the letter, the uncle testified: "I don't quite recall every detail, but just the things that stood out.   [Appellant] showed pictures of his penis to my niece and also took his finger and placed it in her vagina."

Approximately three months after the incident, D.D. was forensically examined by a Sexual Assault Nurse Examiner (SANE).   The medical record of this examination was admitted into evidence and includes a patient history section in which the SANE quoted D.D's account as follows:   "He touched me in my middle part (patient indicates female sexual organ by pointing) with his finger.   He did his finger inside like this (patient points index finger and moves it in a back and forth motion) in and out."   The SANE confirmed during her testimony that this record of D.D.'s statement was "verbatim" and "exactly" what D.D. told her during the examination.   Based on D.D.'s account, the SANE checked two boxes on the medical record indicating D.D.'s sexual organ had been digitally penetrated.

Using a diagram from the medical record, the SANE also testified the female sex

3

organ includes the labia majora or "the fatter outer lips." Penetration, according to the SANE, "is anything considered however slight between the labia majora, which is the beginning part of the female sexual organ, so however slight. . . . [E]ven if it's a millimeter between the labia majora, that would still be considered penetration."

The SANE testified that she did not observe trauma on any part of D.D.'s genitalia but considered this fact unremarkable because "the majority of my patients don't have any injury." The SANE estimated that "[a]bout 95 percent do not have injuries."

At the conclusion of the State's case, appellant moved for a directed verdict, arguing the State had failed to meet its burden on the element of penetration because "[t]he testimony of the child was that there was no—no penetration." Appellant's motion was denied.

An agreed jury charge was provided to the jury before closing arguments. It defined the term "sexual organ" as "the entire female genitalia, including both the vagina and the vulva. Contact beneath the folds of the external genitalia amounts to penetration." The jury charge also instructed the jurors that penetration "is complete however slight."

During closing arguments, each party addressed the element of penetration. The State drew the jury's attention to the definitions of sexual organ and penetration; the SANE's testimony and accompanying medical record; and D.D.'s demonstrations during her testimony. Appellant countered that the State failed to meet its burden because there was no trauma, and more importantly, D.D testified that the touching occurred on the "outside."

The jury returned a verdict of guilty and the trial court sentenced appellant to fifty

4

years' confinement[2] in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. LEGAL SUFFICIENCY

By a single issue, appellant challenges the legal sufficiency of the evidence on the element of penetration. If we sustain appellant's issue, he asks the judgment be reversed and reformed to reflect a conviction for the lesser included offense of indecency with a child and the case be remanded for a new punishment hearing.

### A. Standard of Review

In a legal sufficiency challenge, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018) (citing *Musacchio v. United States*, 136 S.Ct. 709, 715 (2016)). "Beyond a reasonable doubt, however, does not require the State to disprove every conceivable alternative to a defendant's guilt." *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) (citing *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012)).

As the trier of fact, it is the jury's province to assess credibility and weigh the evidence. *Id.* The jury may draw any reasonable inference from the evidence that is supported by the record. *Id.* "[F]aced with conflicting inferences, a reviewing court must presume that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)

---

[2] Appellant was indicted as a habitual felony offender. Appellant did not contest his habitual felony offender status, stipulating to three prior felony convictions, and thus enhancing the punishment range from five to ninety-nine years to twenty-five years to life imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2017 1st C.S.).

(citing *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991)).   We defer to the jury's findings because "the function of resolving conflicts in the evidence and making reasonable inferences therefrom is assigned to the jury."   *Ramsey*, 473 S.W.3d at 810 (citing *Merritt*, 368 S.W.3d at 525).

A reviewing court must measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.   *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).   A person commits aggravated sexual assault of a child if he: (1) intentionally or knowingly, (2) causes the penetration, (3) of the sexual organ, (4) of a child under the age of fourteen.   TEX. PENAL CODE ANN. § 22.021.   Because "penetration" and "sexual organ" are undefined terms, *see id.* § 22.021, they are subject to a jury's interpretation according to common usage.   *Green v. Texas*, 476 S.W.3d 440, 447 (Tex. Crim. App. 2015).   However, the Texas Court of Criminal Appeals has provided the following guidance on the common meaning of these terms:

> [I]n common parlance, mere contact with the outside of an object does not amount to a penetration of it.   But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact.   Consequently, it is not ungrammatical to describe Appellant's touching of complainant in this case as a penetration, so long as contact with the injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.

*Id.* (quoting *Vernon v. State*, 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992)).

## B.   Analysis

By asking this Court to reform the judgment to reflect a conviction for indecency with a child, appellant implicitly concedes the evidence is legally sufficient to establish that he touched D.D.'s genitals, an element of this lesser included offense.   *See* TEX.

6

PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2017 1st C.S.). Appellant argues, however, that no reasonable juror could have found beyond a reasonable doubt that his touching constituted penetration when D.D. herself testified the touching occurred on the "outside." We disagree.

While D.D.'s testimony was certainly probative, we cannot consider it in isolation; instead, we must consider the entire record in the light most favorable to the verdict and respect the jury's resolution of conflicting evidence. *See Ramsey*, 473 S.W.3d at 810 (citing *Merritt*, 368 S.W.3d at 525). A SANE's prior-statement testimony alone is sufficient to establish the element of penetration beyond a reasonable doubt. *Martinez v. State*, 524 S.W.3d 344, 349 (Tex. App.—San Antonio 2017, pet. ref'd); *cf. Saldaña v. State*, 287 S.W.2d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd) ("[I]t is well established that outcry testimony is substantive evidence of guilt that is sufficient to support a conviction beyond a reasonable doubt.") (citing *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)). We conclude the SANE's prior-statement testimony in this case, describing the touching as "inside" and "in and out", was sufficient evidence from which the jury could have reasonably concluded that appellant's touching constituted penetration.

D.D.'s testimony does not alter our conclusion. "As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 462 (Tex. Crim. App. 1991). Accordingly, the jury is entitled to credit the complainant's prior statement over contradictory testimony, even if the complainant recants the allegation of sexual assault altogether. *Id.*

This case does not involve an explicit recantation, only inconsistent statements by a ten-year-old complainant on whether penetration occurred. In a similar case, the complainant told the SANE that penetration had occurred but testified at trial that she could not remember. *Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The jury determined that penetration did occur and convicted the defendant of aggravated sexual assault of a child. *Id.* at 240. Applying the well-settled legal sufficiency standard, the *Adams* Court concluded the SANE's testimony was sufficient to support the conviction because it was the jury's prerogative to resolve the conflict and determine which statement reflected the truth. *Id.* at 244. Applying the legal sufficiency standard to this record leads us to the same result.

Moreover, the SANE's testimony is not the only evidence in the record from which a juror could reasonably infer that penetration occurred. During her testimony, D.D. twice used her finger to demonstrate how appellant touched her, saying it was "like that." The record fails to reflect the nature of these demonstrations beyond D.D.'s indeterminate expressions.

Because a legal sufficiency challenge requires us to review the record in the light most favorable to the verdict, we presume undescribed demonstrations support a finding of guilt. *See Finley v. State*, 449 S.W.3d 145, 150 n.20 (Tex. App.—Austin 2014), *aff'd*, 484 S.W.3d 926 (Tex. Crim App. 2016); *Connell v. State*, 233 S.W.3d 460, 468 (Tex. App.—Fort Worth 2007, no pet.); *Wawrykow v. State*, 866 S.W.2d 87, 90 (Tex. App.—Beaumont 1993, pet. ref'd); *Rogers v. State*, 756 S.W.2d 332, 336–37 (Tex. App.—Houston [14th Dist.] 1988, pet ref'd); *Gaona v. State*, 733 S.W.2d 611, 613 & n.1 (Tex. App.—Corpus Christi 1987, pet. ref'd).

8

The State relied on these demonstrations, believing they supported appellant's conviction. During closing the State argued, "We all saw [D.D.] on the stand while she was testifying[,] and she moved her fingers describing what happened that day." Because the jury found appellant guilty, we must presume these demonstrations, in addition to the SANE's testimony, supported appellant's conviction. We overrule appellant's single issue.

## IV.  CONCLUSION

The trial court's judgment is affirmed.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2019.