

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00396-CR

Juan De Los **SANTOS-SALAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR0415
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:         Irene Rios, Justice
                Beth Watkins, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 16, 2023

AFFIRMED

Juan De Los Santos-Salas appeals his conviction on two counts of aggravated sexual

assault of a child. We affirm.

### BACKGROUND

After his daughter, P.S., made a sexual assault outcry against him, Santos-Salas was

charged with two counts of aggravated sexual assault of a child. A jury found him guilty of both

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

counts and the trial court sentenced him to 40 years' confinement, with the sentences running concurrently. Santos-Salas timely appealed.

## ANALYSIS

### *Issues 1 and 2—Consolidated Complaints About Witness Testimony*

In his first two issues on appeal, Santos-Salas contends that the trial court erred by allowing him to be referred to as "the defendant" when P.S. did not identify him in open court and by allowing expert testimony from the Sexual Assault Nurse Examiner without qualifying her as an expert. The State responds that both arguments were waived because Santos-Salas failed to object below.

### *Applicable Law*

Preservation of error is a systematic requirement, and we need not reach a question of whether the trial court erred unless the complaint has first been preserved for review. TEX. R. APP. P. 33.1(a); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). To properly preserve error for review, a party must have made a specific and timely objection to the trial court until an adverse ruling was obtained on that objection. *See* TEX. R. APP. P. 33.1(a). Put differently, the party must "'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it[]'" to avoid forfeiting a complaint on appeal. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (citation omitted).

### *Application*

#### P.S.'s identification of "the defendant"

P.S. was the first witness at trial. She testified she was eleven years old and that she knew the difference between a truth and a lie. She explained that she was in court "[b]ecause of the case with me and my dad," and identified her father's name as "Enrique De Los Santos Salas." When

she was asked if she could see her father in the courtroom, she answered "no" although the record demonstrates Santos-Salas was present. She described feeling "awkward" several times and had to be asked repeatedly to use her "outside voice," to speak into the microphone, and to repeat herself because those present could not hear her. She recounted, in age-appropriate terms, her father's digital penetration of her anus and vagina.

On appeal, Santos-Salas first contends the trial court erred by allowing him to be referred to as "the defendant" when P.S. did not identify him as such in open court. He relies on Texas Rules of Evidence 602 and 901 to support this argument. However, at trial Santos-Salas did not object pursuant to Rule 602, Rule 901, or any other authority regarding P.S.'s failure to identify him in court. Santos-Salas also argues that P.S. was incompetent to testify pursuant to Rule 601. Again, however, Santos-Salas did not object to P.S.'s competency as a witness to the trial court. Had Santos-Salas timely raised either of these objections, the trial court would have been "in the proper position to do something about" his complaints. *Pena*, 285 S.W.3d at 464. Santos-Salas's failure to object deprived the trial court of the ability to address this purported error. *See id*. We therefore conclude his first issue on appeal is forfeited. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) (stating that with exceptions not applicable here, errors may be forfeited by appellant's failure to object at trial).

### SANE's qualifications

Betty Mercer also testified at trial. She identified herself as a SANE—a Sexual Assault Nurse Examiner—who had performed approximately 4,000 sexual assault nurse examinations and had testified in court "[p]robably about 30, 40 times." She examined P.S. after her outcry and testified that P.S. reported that her father, who P.S. identified as "Enrique De Los Santos Palomo Salas," had been sexually abusing her since she was 5 years old. Mercer testified P.S. reported that Santos-Salas had put his fingers and penis in her vagina and anus. Mercer testified that the results

of P.S.'s exam were normal but that this is the result in a majority of child sexual assault examinations.

In Santos-Salas's second complaint on appeal, he contends that Mercer was unqualified to testify as an expert under Texas Rule of Evidence 702. He particularly argues she was unqualified to offer an opinion about what the SANE exam showed. However, at trial, Santos-Salas did not object to Mercer's qualifications as an expert or to her testimony regarding her findings and opinion on P.S.'s SANE results. By failing to object, Santos-Salas deprived "the trial judge and the opposing party an opportunity to correct the error." *Pena*, 285 S.W.3d at 464. We therefore conclude his second complaint on appeal is also forfeited. *See Fuller v. State*, 253 S.W.3d 220, 232–33 (Tex. Crim. App. 2008) (holding complaint about witness's lack of expert qualifications was waived because no objection was made at trial).

### Issue 3—Admitted Letter

In his third issue on appeal, Santos-Salas complains that the trial court erred by admitting into evidence a letter P.S. wrote to her father but did not send. However, the record shows that the trial court did not admit the letter into evidence—Santos-Salas objected to the letter pursuant to Rule 403 and 404(b) and the trial court sustained his objections. The letter was not admitted as an exhibit and the jury received no evidence about the letter or its contents. Because Santos-Salas received the relief he requested from the trial court, we conclude there is no error for us to review. We overrule his third issue.

### Issue 4—Sufficiency of Evidence

#### Standard of Review and Applicable Law

In his final issue on appeal, Santos-Salas contends that the evidence was legally insufficient to support his conviction. On a challenge to the sufficiency of the evidence, we must review the evidence in the light most favorable to the verdict to determine whether any trier of fact would be

rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Under a legal sufficiency review, we are "not to become a thirteenth juror" but "to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury is the sole judge of the witnesses' credibility and weight of the evidence and can believe all, some, or none of it. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015). If there is any inconsistency between testimony, it is within the jury's province to resolve the conflict. *Martinez v. State*, 524 S.W.3d 344, 349 (Tex. App.—San Antonio 2017, pet. ref'd).

Direct and circumstantial evidence are equally probative in establishing guilt, and circumstantial evidence alone may be sufficient to establish guilt so long as the conclusion was not based on mere speculation or factually unsupported inferences. *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013). The jury is permitted to draw any reasonable inferences so long as each inference is supported by the record and "if the record supports contradictory reasonable inferences," it is presumed the jury resolved the conflicts in favor of the verdict. *Metcalf v. State*, 597 S.W.3d 847, 855–56 (Tex. Crim. App. 2020).

*Application*

To convict Santos-Salas, the State was required to prove beyond a reasonable doubt that he intentionally or knowingly caused the penetration of the anus or sexual organ of P.S. by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). In sexual abuse cases, the testimony of the child victim alone is sufficient to support the conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1). "Child victims of sexual crimes are afforded great latitude when testifying and they are not expected to testify with the same clarity and ability as is expected of a mature and

capable adult." *Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)).

Here, P.S. testified that for nearly a year, when her mother was at work, Santos-Salas would touch her "middle part" and "butt" under her clothing, sometimes putting his finger and penis inside her vagina and anus. She described the discomfort she felt when Santos-Salas would put his finger and penis inside her vagina and anus, and described the fear she felt about seeking help sooner.

The jury also heard from Santos-Salas's wife, Nohemi Palomo Hernandez, who testified that her husband's name is "Juan Enrique De Los Santos Salas." She explained that she and Santos-Salas are P.S.'s parents. She testified that in the early hours of September 23, 2019, she walked in on Santos-Salas and P.S., who was then 8 years old, laying together under a blanket on the living room couch. P.S. screamed and ran to Hernandez crying for help, telling her mother "that her dad was touching her," "[t]hat he would touch her vagina" and "that he had his part inside her." Hernandez took P.S. to the hospital where the San Antonio Police Department was informed of the incident.

In addition, the jury heard from Mercer, who testified that P.S. reported that her father had put his fingers and penis inside her vagina and anus since she was 5 years old. Mercer also testified that P.S.'s SANE examination was normal but that this is a consistent result for a majority of sexual assault examinations of children. The jury also heard from the SAPD officer who was dispatched to the medical clinic where P.S. was treated, gathered information from P.S., Hernandez, and Mercer, and then prepared a report for the subsequent SAPD investigators. Then, the jury heard from the SAPD officer who searched Santos-Salas's residence and the SAPD detective who investigated the allegations against Santos-Salas. Finally, the jury heard from two of Santos-Salas's co-workers, who agreed that Santos-Salas was very involved in his children's lives and

characterized him as "a good person" and "a hard working person, worker, very respectful and responsible." Neither, however, had seen Santos-Salas interact with his children.

While there was no physical evidence presented, none is required "when, as in this case, the complainant provides ample testimony to establish that a sexual assault occurred." *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). Any inconsistency between the witnesses' testimony was for the jury to resolve and it is presumed any conflict was resolved in favor of the verdict. *Martinez*, 524 S.W.3d at 349; *Metcalf*, 597 S.W.3d at 855–56. We therefore hold the evidence indicates the jury was rationally justified in finding Santos-Salas guilty beyond a reasonable doubt.

## CONCLUSION

We affirm the trial court's judgments.

Beth Watkins, Justice

DO NOT PUBLISH