

## NUMBER 13-23-00119-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**VICTOR MANUEL GONZALEZ,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

## ON APPEAL FROM THE 464TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice West

Appellant Victor Manuel Gonzalez was indicted with one count of continuous sexual abuse of a young child (Count 1), one count of indecency with a child by contact (Count 2), one count of sexual assault of a child (Count 3), and one count of aggravated sexual assault of a child (Count 4). *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1), 22.011(a)(2), 22.021(a)(1)(B). A jury convicted appellant of Counts 1 through 3 and

acquitted Gonzalez of Count 4. As to Count 1, a first-degree felony, appellant was sentenced to thirty years' imprisonment, and as to Counts 2 and 3, both second-degree felonies, appellant was sentenced to twenty years for each count. *See id.* §§ 21.02(h), 21.11(d), 22.011(f). The trial court ordered the sentences to run concurrently. By three issues, which we reorder and reconstrue, appellant argues that (1) the trial court abused its discretion when it excluded hearsay evidence, (2) the jury charge instructions contained reversible error, and (3) his right against double jeopardy was violated. We affirm in part and vacate in part.

## I.   BACKGROUND

Jane Doe,[1] the complainant, testified at trial about numerous acts of sexual abuse committed by appellant, her paternal grandfather. Doe was twenty-one years old at the time of trial and testified that the abuse started when she about four or five years old and continued until she was fourteen years old.

Doe testified that the first act of sexual abuse occurred after appellant moved in with her family. Appellant, his wife, and Doe's cousins moved into Doe's family's apartment in Mission, Texas, around 2005 and lived with them for about a year. When the other adults left for work, appellant stayed home and supervised Doe and her brother. While she was alone one day "in the last room of the apartment," appellant came in, "got on top of [her]," and put his fingers under her clothes and underwear. Doe testified that appellant placed his fingers in her "private area" and began rubbing. She said appellant

---

[1] To protect the identity of the complainant, we refer to her by her pseudonym in the indictment and her family members' initials. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

2

told her not tell anyone or "[her] dad [was] going to get hurt." When asked how often appellant touched her, she replied, "Anytime I was alone with him."

Doe testified about two specific instances in which appellant put his tongue on her vagina. When she was ten or eleven years old, she accompanied appellant to his flea market stall and fell asleep in "a little storage [area] where they would keep all the clothes." While she was laying down, appellant came into the storage area, took her bottoms off, got on his knees, and touched her vagina with his mouth and tongue. She said she cried and told him to stop, but he covered her mouth, and "didn't stop until there's a customer asking if there is anyone there to buy stuff." The other incident occurred when she was twelve or thirteen years old. Doe testified that she went to appellant's apartment to have a sleepover with her cousin. While sleeping in the same bed as her cousin, appellant came into the bedroom, went to her cousin's side of the bed, "pray[ed]," and kissed her on the forehead. Appellant then came to Doe's side of the bed, took off her underwear, and touched her vagina with his fingers and tongue. Doe tried "to nudge" her cousin "to see if she would wake up and see something," but she did not wake up.

Another incident occurred when she was thirteen years old. Doe's father dropped her off with appellant to watch her while she was sick. She said she cried and asked her dad not to take her to appellant's house, but "he didn't listen." Later, while she trying to sleep, appellant got on top of her, took off his shorts, and with his underwear on, began rubbing his penis on her vagina over her underwear.

The last incident occurred when she was fourteen. Doe testified that she was at appellant's house, and he "put his fingers inside and started rubbing [her vagina] again."

3

When asked how appellant made her feel during these incidents, Doe replied: "Very worthless as a person. I didn't know why that was happening to me." Doe said that she was afraid to speak out about the abuse because she was scared that she was "ruining [her] family," and she "felt like it was to be [her] fault." Doe eventually outcried to her maternal grandmother when she was fifteen or sixteen years old. Her grandmother called the Mission Police Department, and an investigator made a report. About six months later, Doe outcried to her mother, R.A., and R.A. called the police again. A few months after the second police report, Doe was examined by a sexual assault nurse examiner and interviewed by a forensic interviewer. Appellant was arrested shortly thereafter.

Appellant testified and denied all the allegations. V.G., appellant's son and Doe's father, testified that though he originally felt angry after finding out about the allegations against his father, he now has doubts. He believed that Doe's allegations originated from R.A. and Doe's maternal grandmother. He believed that he had a good relationship with Doe, and he found it suspicious that she outcried to them but not to him. V.G. explained that he had a contentious divorce with R.A., and Doe favored R.A. in the divorce.

V.G. further testified that after he found out about Doe's outcry, he took her to the doctor. When asked why he took her to the doctor, he said:

> Because I want to make sure that her mom tell me the truth. Because in that point I never trust her mom and nobody . . . . So I take her to the doctor and then I asked that the [d]octor, I have a question for you [d]octor can you tell me because I have a situation. And yes tell me what is your concern.

4

The State objected, arguing that V.G. was "getting into hearsay," and the trial court sustained the State's objection. Defense counsel later made an offer of proof. Outside the presence of the jury, V.G. finished his testimony and said that he asked the doctor to examine Doe for any evidence of sexual abuse, and the doctor responded that he did not find anything.

The jury found appellant guilty of the aforementioned offenses, and appellant was sentenced to the punishment outlined above. This appeal followed.

## II.    HEARSAY EVIDENCE

By his first issue, appellant argues that the trial court erred in excluding V.G.'s testimony about the doctor's statements because the medical hearsay exception under Texas Rule of Evidence 803(4) applied to the evidence.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is generally inadmissible, but Texas Rule of Evidence 803(4) provides that statements made for, and that are reasonably pertinent to, medical diagnosis or treatment are not excluded by the rule against hearsay. *Id.* R. 802, 803(4). "This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment." *Franklin v. State*, 459 S.W.3d 670, 676 (Tex. App.—Texarkana 2015, pet. ref'd).

Appellant argues that Rule 803(4) applies to V.G.'s testimony because the testifying witness need not have medical qualifications or be a medical professional for the rule to apply. *See Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008).

5

Appellant's argument is misplaced. Implicit in Rule 803(4) is that it applies to hearsay made by the patient or family of the patient seeking the medical care or diagnosis. *See id.* at 580; *see, e.g.*, *Horner v. State*, 129 S.W.3d 210, 220 (Tex. App.—Corpus Christi–Edinburg 2004, pet. ref'd) ("[S]tatements by a suspected victim of child abuse as to the causation and source of the child's injuries are admissible under rule 803(4)."); *Ponce v. State*, 89 S.W.3d 110, 120 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("Statements made by the parent of an injured child for the purpose of diagnosing or treating the child qualifies as an exception under rule 803(4)."). "[Rule 803(4)] focuses upon the patient and relies upon the patient's strong motive to tell the truth because diagnosis or treatment will depend in part upon what the patient says." *Taylor*, 268 S.W.3d at 580 (citing *United States v. Iron Shell*, 633 F.2d 77, 83–84 (8th Cir. 1980)).

Appellant seeks to admit hearsay from a medical professional about his diagnosis or treatment of Doe. V.G.'s testimony does not involve hearsay from Doe or her parents for the purpose of seeking medical care or diagnosis. Therefore, Rule 803(4) does not apply, and the trial court did not abuse its discretion when it excluded the testimony. *See id.* at 580, 587–88; *Horner*, 129 S.W.3d at 220; *Ponce*, 89 S.W.3d at 120. We overrule appellant's first issue.

### III.    JURY CHARGE

Appellant next argues that the jury charge contained error, and these errors caused egregious harm.

## A.     Standard of Review & Applicable Law

We review alleged jury-charge error through a two-step process. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether the charge was erroneous and, if so, we then conduct a harm analysis, "with the standard of review for harm being dependent on whether error was preserved for appeal." *Id.* If the defendant preserved the alleged error, then we must reverse if we find "some harm." *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

Where, as here, error was not preserved, we reverse only if that error creates egregious harm. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). "An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory." *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). "Egregious harm is a difficult standard to meet, and the analysis is a fact-specific one." *Id.*

## B.     Analysis

Appellant argues that the jury charge instructions are egregiously harmful "because they omitted an essential element of the charged offense and/or authorized conviction on a set of facts that did not constitute the charged offense."[2] He first points to

---

[2] Citing *Doyle v. State*, 631 S.W.2d 732 (Tex. Crim. App. 1980), appellant's counsel first argues that the jury charge contains "fundamental" error because it omits an essential element of the offense, and he is therefore entitled to a new trial. However, the proper standard of review is to determine whether the alleged error was preserved and then apply the requisite harm analysis. *See Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An unobjected-to jury charge error is subject to the egregious-harm standard, "even when the error is constitutional." *Sandoval v. State*, 665 S.W.3d 496, 549 n.206 (Tex. Crim. App. 2022). We note that counsel

7

each count's definition of "child," which defined the term as "a person younger than 17 years of age." He contends, without citing to legal authority, that these instructions caused the jury to convict him of Count 1, continuous child sexual abuse, "regardless of whether the complainant was under 14 years of age," a necessary element of the offense.

Generally, a jury charge which tracks the language of the statute will not be deemed erroneous. *See Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *Matew v. State*, 655 S.W.3d 291, 301 (Tex. App.—Corpus Christi–Edinburg 2022, pet. ref'd). The jury charge defined "child" as it is defined in the statute for each offense. TEX. PENAL CODE ANN. §§ 21.02(a)(1), 21.11(a), 22.011(c)(1). The application paragraph of Count 1 instructed the jury to find appellant guilty of the offense if he "committed two or more acts of sexual abuse against JANE DOE, a pseudonym, a child younger than 14 years of age." *See id.* § 21.02(b). Thus, the jury charge instructions included the correct statutory definition of child, and Count 1 tracked the language of the statute. *See id.* §§ 21.02(a)(1), (b), 21.11(a), 22.011(c)(1); *see also Diaz v. State*, No. 13-22-00602-CR, 2024 WL 3818560, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2024, pet. ref'd) (mem. op., not designated for publication) (rejecting appellant's argument that the definition of child as a person younger than seventeen in the jury charge instructions in continuous child sexual abuse charge was erroneous).

Despite appellant's argument that the instructions were confusing, we must presume that the jury understood and followed the trial court's instructions in the absence

___

made this same argument in *Quin v. State*, which we rejected. No. 13-22-00493-CR, 2023 WL 8462506, at *3 n.3 (Tex. App.—Corpus Christi–Edinburg Dec. 7, 2023, pet. ref'd) (mem. op., not designated for publication).

of evidence to the contrary. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011). Appellant points to nothing in the record indicating that the jury failed to follow the trial court's instructions, and we find none. *See id.* We overrule this sub-issue.

Appellant next argues that the jury charge caused the jury to convict him of Count 1 "regardless of the thirty[-]day element." *See* TEX. PENAL CODE ANN. § 21.02(b). The application paragraph instructed the jury to find appellant guilty of continuous sexual abuse of a child if they found from the evidence beyond a reasonable doubt that appellant:

> did then and there, . . . *during a period that was 30 or more days in duration, to-wit: from on or about the 1st day of September, 2007, to on or about the 28th day of August, 2015*, when [appellant] was 17 years of age or older, committed two or more acts of sexual abuse against JANE DOE, a pseudonym, a child younger than 14 years of age, namely aggravated sexual assault of a child and indecency with a child . . . .

(Emphasis added).

As appellant acknowledges in his appellate brief, this Court has previously held that the emphasized language above does not omit the offense's durational element and is therefore not erroneous.[3] *See Perez v. State*, 689 S.W.3d 369, 380 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (holding that language in the jury charge identical to the language in this case was not erroneous because it tracked the language of the statute); *see also Diaz*, 2024 WL 3818560, at *3 (same); *Chavez v. State*, No. 13-22-00551-CR, 2023 WL 5486232, at *3–4 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated for publication) (same). We are bound by the principle of horizontal stare decisis to follow this precedent. *See Mitschke v. Borromeo*, 645 S.W.3d

---

[3] Appellant notes that this sub-issue "is being preserved for higher review."

9

251, 256 (Tex. 2022); *see also Diaz*, WL 3818560, at *3 (following *Perez* as a matter of horizontal stare decisis and concluding that a similar jury instruction was not erroneous). Accordingly, we overrule appellant's second issue in its entirety.

## IV.   DOUBLE JEOPARDY

Appellant lastly contends that the jury charge instructions for Counts 2 and 3 are erroneous because (1) they instructed the jury to convict appellant on dates included in the timeframe of Count 1, and (2) "the jury was not instructed that it could not convict of both penetration (count three) and contact (count two) if the two were subsumed."

We must construe appellate briefs liberally. *See* TEX. R. APP. P. 38.9. This argument is essentially a double jeopardy complaint, and we will analyze it as such. *See id.*; *Price v. State*, 434 S.W.3d 601, 611 (Tex. Crim. App. 2014) (concluding that the legislature intended "to permit one punishment where continuous sexual abuse is alleged against a single victim within a specified time frame"); *Maldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015) ("An offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act.").

## A.   Standard of Review & Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made

10

it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008). When, as here, an appellant does not raise a double jeopardy claim in the trial court, he must show that any double jeopardy violation is apparent on the face of the record. *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez v. State*, 8 S.W.3d 640, 642–45 (Tex. Crim. App. 2000).

A defendant may not be convicted of continuous sexual abuse of a child in the same criminal action of an individual act of sexual abuse against the same child victim, unless the latter offense occurred outside the period in which the continuous child sexual abuse offense was committed. TEX. PENAL CODE ANN. § 21.02(e); *Price*, 434 S.W.3d at 606 (holding that § 21.02(e) reflects the Legislature's intent "to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time"). The term "acts of sexual abuse" includes "indecency with a child under [§] 21.11(a)(1), if the actor committed the offense in a manner other than by touching . . . the breast of a child" and "sexual assault under [§] 22.021." TEX. PENAL CODE ANN. § 21.02(c)(2), (3).

Indecency with a child by contact can be a lesser included offense of sexual assault of a child if the same act is used to prove both touching and penetration. *See Maldonado*, 461 S.W.3d at 149; *Martinez v. State*, 524 S.W.3d 344, 348 (Tex. App.—San Antonio 2017, pet. ref'd); *see also Fowler v. State*, No. 08-11-00027-CR, 2012 WL 983189, at *7–8 (Tex. App.—El Paso Mar. 21, 2012, pet. ref'd) (mem. op., not designated for publication) (finding that indecency with child by contact can be a lesser included offense of sexual assault of a child if the evidence shows contact and penetration).

**B.     Analysis**

Appellant argues that the following abstract paragraphs in Counts 1, 2, and 3, respectively, erroneously caused the jury to convict him of Counts 2 and 3 on dates included in the timeframe of Count 1:

> You are instructed that the allegation that the offense [of continuous sexual abuse of a young child] was committed on or about the 1st day of September, 2007, to on or about the 28th day of August, 2015, does not bind the State to any one particular date but may include any day from September 1, 2007, *until June 25, 2019*, the day the indictment was filed.

> You are instructed that the allegation that the offense [of indecency with a child by contact] was committed on or about September 1st, 2015, does not bind the State to any one particular date *but may include any day prior to June 25th, 2019*, the day the indictment was filed.

> You are instructed that the allegation that the offense [of sexual assault of a child] was committed on or about August 28th, 2016[,] does not bind the State to any one particular date *but may include any day prior to June 25th, 2019*, the day the indictment was filed.

(Emphasis added). Appellant contends that "*but may include any day prior to June 25th, 2019*," included Counts 2 and 3 within the same time frame of Count 1.

Count 2 alleged "on or about September 1st, 2015," and Count 3 alleged "on or about August 28th, 2016," which are dates outside the period in which Count 1 was alleged. Further, according to her birthday in the record, Doe would have been fourteen by the dates alleged in Counts 2 and 3, which is older than the requisite age under § 21.02. *See* TEX. PENAL CODE ANN. § 21.02(b). Appellant cites to nothing in the record, other than these abstract paragraphs, that the jury somehow subsumed Counts 2 and 3 in Count 1. *See id.*; *see also Diaz*, 2024 WL 3818560, at *6 (holding that appellant's dual convictions violated double jeopardy because appellant's predicate child sexual abuse

12

convictions "occurred during the time period in which the continuous-sexual-abuse offense was committed"); *Flores v. State*, No. 13-12-00606-CR, 2014 WL 1514129, at *10–11 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that appellant's convictions for sexual assault and indecency did not violate double jeopardy because the charges alleged dates when the child complainant was fourteen or older, which was outside the period of the continuous sexual abuse conviction).

However, we agree with appellant's other contention—that the jury convicted appellant of both Count 2 and Count 3 when the counts should have been subsumed. The application paragraph for Count 2 instructed the jury to find appellant guilty of indecency with a child by contact, as alleged in the indictment, if they found from the evidence beyond a reasonable doubt that he:

> on or about September 1st, 2015, . . . did then and there, with the intent to arouse or gratify the sexual desire of [appellant], engage in sexual contact with JANE DOE, a pseudonym, by touching any part of the genitals of JANE DOE, a child younger than 17 years of age . . . .

The application paragraph for Count 3 instructed the jury to find appellant guilty of sexual assault of a child, as alleged in the indictment, if they found from the evidence beyond a reasonable doubt that he:

> on or about August 28th, 2016, . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of JANE DOE, a child younger than 17 years of age, by [appellant's] finger . . . .

As established, the dates in Counts 2 and 3 refer to dates when Doe was fourteen. However, Doe did not allege that appellant assaulted her more than once after she turned

13

fourteen, and there is no evidence in the record of another assault when Doe was fourteen or older.

As the Texas Court of Criminal Appeals explained in *Maldonado*, "[a]n offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act." 461 S.W.3d at 149. Here, "[t]he State was not entitled to seek convictions for two offenses because the evidence at trial shows that only one offense was committed." *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Either the jury could conclude penetration actually occurred and convicted appellant of sexual assault, or they could conclude only contact occurred and convicted appellant of the lesser offense of indecency with a child. *See id.* The jury could not, as they did here, convict appellant of both offenses for the same act. *See id.*; *see also Rios-Barahona v. State*, No. 13-17-00567-CR, 2019 WL 3952949, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication) (holding that double jeopardy violation arose when the evidence established only one act—appellant's penetration of victim's sexual organ with his fingers—and appellant was convicted of both indecency with a child by contact and aggravated sexual assault).

Appellant has shown that a double jeopardy violation is apparent on the face of the record, and we sustain this issue in part. *See Langs*, 183 S.W.3d at 687; *Gonzalez*, 8 S.W.3d at 642–45. The proper remedy for a double jeopardy violation in the multiple-punishments context is to retain the conviction and sentence for the most serious offense, while setting aside the conviction and sentence for the lesser offense. *Littrell*, 271 S.W.3d at 279; *Ochoa*, 982 S.W.2d at 908 ("The proper remedy is to reform the judgment by

vacating the lesser conviction and sentence."). In this case, indecency with a child by contact is a lesser included offense of sexual assault of a child because the same act was used to prove both touching and penetration. *See Maldonado*, 461 S.W.3d at 149; *Martinez*, 524 S.W.3d at 348; *see also Fowler*, 2012 WL 983189, at *7–8. Accordingly, we vacate the judgment of Count 2. *See Littrell*, 271 S.W.3d at 279; *see also Rios-Barahona*, 2019 WL 3952949, at *5 (holding that appellant's convictions for indecency with a child by contact and aggravated sexual assault constituted multiple punishments for the same offense and vacating the conviction for the indecency offense).

## V.    CONCLUSION

We vacate the judgment of conviction for Count 2. We affirm the judgments in all other respects.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
14th day of August, 2025.

15